IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


THOMAS CLIFFORD WALLACE, #268813     *

            v.                  *        CIVIL ACTION NO. RDB-13-20

BOBBY SHEARIN, et al.          *
                                  ***


## MEMORANDUM OPINION


      Petitioner Thomas Clifford Wallace ("Wallace"), a state inmate incarcerated at the North Branch Correctional Institution, filed the instant self-represented Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his 2001 convictions in the Circuit Court for Washington County, Maryland.  Respondents have filed a court-ordered Limited Response addressing the timeliness of the Petition (ECF No. 5), and Wallace has filed his Reply.  (ECF No. 6).[1]  Upon review of the pleadings and exhibits, the Court finds no need for an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  For reasons that follow, the Court concludes that the Petition is time-barred, and it will be denied and dismissed by separate Order.

## I. Procedural History

      In November of 2000, Wallace was tried and convicted in the Circuit Court for Washington County, Maryland of first-degree murder, second-degree murder, first-degree assault, and the unlawful taking of a motor vehicle.  He was sentenced to serve a cumulative life sentence in the

---

[1]      By Order dated January 7, 2013, the Court granted Wallace thirty (30) days after service of Respondents' limited Response to explain why his § 2254 petition should not be dismissed as time-barred.  (*See* ECF No. 2).

Maryland Division of Correction.  (ECF No. 5 at Ex. 1, pgs. 9-10 & 14-16). The judgment was affirmed by the Court of Special Appeals of Maryland on May 9, 2002, and Wallace's application for writ of certiorari was denied by the Court of Appeals of Maryland on February 13, 2003.  (ECF No. 5 at Ex. 1, pgs. 16-17).  Wallace did not seek review in the U.S. Supreme Court and his convictions became final for purposes of direct review on May 13, 2003, when the ninety-day time period for seeking Supreme Court review expired.

According to the record, Wallace filed a motion to correct an illegal sentence on March 5, 2009, which was denied on March 23, 2009.  He did not appeal that decision.  (ECF No. 5 at Ex. 1, pgs. 17-18).  On May 27, 2009, Wallace filed a post-conviction petition.  After granting Wallace's requests for postponements, a post-conviction hearing was held on the petition on May 26, 2011. (*Id*. at Ex. 1, pgs. 18-19).  The circuit court granted Wallace the right to file a belated motion for review of sentence by a three-judge panel, but otherwise denied post-conviction relief.  Wallace's application for leave to appeal was denied by the Court of Special Appeals of Maryland on November 14, 2012.  (*Id*. at Ex. 1, pgs. 20-21).

## II. Statute of Limitations

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases. *See* 28 U.S.C. § 2244(d).[2]  This one-year

---

[2]     This section provides:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

period is tolled while properly filed post-conviction proceedings are pending.

### III. Analysis

Affording the Petition the most generous of filing dates, it is deemed as filed by Wallace on December 5, 2012, the date on which it was signed and presumably deposited with prison authorities.[3] *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

Wallace's one-year limitations period under 28 U.S.C. § 2244(d) began to run on May 14, 2003. He did not file a post-conviction petition or seek revisory review in the state court to toll the one-year period, which expired on May 14, 2004. Indeed, review was not sought in the Maryland

---

(B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]      In an ideal world, the Petition's envelope would be stamped by North Branch Correctional Institution personnel as "received by prison mailroom" on a certain date. The Maryland Division of Correction does not provide such a franked designation. The Petition was received by the Clerk on January 2, 2013. It bears a signature date of December 5, 2012, and shall be reviewed as filed on that date.

3

state courts until five years later in March and May of 2009.  This Petition was filed on December 5, 2012, over eight years after the expiration of the limitations period.   Consequently, this habeas Petition was filed outside the statutory limitations period and is time-barred.

The one-year time period may be equitably tolled.  To be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2555 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).  The allegations of error raised by Petitioner were known to him at the time of conviction.  The alleged negligence of counsel cited by Wallace does not constitute an extraordinary circumstance warranting equitable tolling.[4]  *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that, for equitable tolling to apply, petitioner must show  that there was (1) an "'extraordinary circumstance,' (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  In this case, however, Wallace has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling.  Accordingly, the Petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA  [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.   Wallace does not satisfy this standard, and the Court

---

[4]       This excuse is offered in Wallace's original Petition.  (ECF No.1 at pgs. 5-6).  In his Reply Wallace takes issue with Respondents' failure to provide copies of transcripts and opinions. (ECF No. 6).  He further claims that  "as long as the sentencing court has revisory power over a defendant the time frame for

declines to issue a certificate of appealability.


Date:  February 27, 2013            _____/s/_____
                                                    RICHARD D. BENNETT
                                                    UNITED STATES DISTRICT JUDGE

---

filing a habeas corpus stops." (*Id.*)